## No. 8795.

### SUCCESSION OF JOHN FRAZIER.

35 381
49 86

An universal legatee, who has also qualified as executrix, and who, in a proceeding to compel her to give bond, has appeared and been condemned as executrix, and, on failing to furnish bond, has been destituted, is bound to render an account as executrix to her successor duly appointed, and cannot, in a proceeding for that purpose, be permitted to deny her quality as executrix, and set up that she had accepted unconditionally as universal legatee and had held the estate, not as executrix, but as owner.

APPEAL from the Twelfth District Court, Parish of Grant. *Barbin,* J.

*R. J. Bowman* for Plaintiff and Appellee.

*Wm. H. Jack* and *Robt. P. Hunter* for Defendant and Appellant :

Where one is at the same time universal legatee and executrix, she may take the succession, treat it as her own, and be no longer responsible as executrix, even though she has also qualified in that capacity. Wells vs. Wells, 30 An. p. 937, on rehearing; Duplessis vs. White, 6 An. 514; Mumford vs. Bowman, 26 An. 413 ; Labatut vs. Ruett, 1 Woods, 144.

"The universal legatee, by the death of the testator, is seized of right of the effects of the succession, without being bound to demand the delivery thereof." C. C. Art. 1609, (1602.)

"It is true, one cannot be held as heir, whether legal, *ab intestato*, or instituted by will, without having accepted that quality, but it is equally true, that this acceptance may be either express or tacit." It is equally obligatory and effectual in the one case as in the other. 30 An. 938; R. C. C. Art. 988; 9 L. 146; 15 L. 527; 7 R. 183; 2 An. 339; 4 An. 571.

"It is express when the heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding."

"It is tacit when some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do, but in his quality of heir."

"Nothing prevented her from accepting the succession purely and simply, and at once taking possession as heir. The fact of her selling the property in that capacity amounts to such an acceptance; and the mention in the act, that she was executrix, was immaterial and affected neither her rights, nor her obligations as heir, pure and simple." 6 An. 514; 30 An. 939.

One sued as executrix may answer that she is no longer responsible in that fiduciary capacity ; that she accepted the succession as universal legatee ; took possession of it at once, as such; has treated it as her own ever since, and that the creditor, if he be such, must pursue her individually. Same authorities, Old Code, Arts. 934, 935, 936, 938, 940, 981, 982, 988, 993.

*Res judicata* results from the controversy being between the same parties, in the same capacity and for the same cause of action. It does not apply in this case.

Estoppel may result from any judicial admission or allegation, but must be specially pleaded, and is not here set up.

Proceedings under Art. 1670, Revised Civil Code, cannot, by the terms of the Article itself, form *res judicata*, as to anything but the bond and security in favor of creditors of the succession.

----

The opinion of the Court was delivered by

FENNER, J.   This case is the sequel of that bearing the same title, reported in 33 An. p. 593.   The question there determined arose upon a rule, taken by certain alleged creditors of the succession, upon Mrs. Matilda C. Frazier, as testamentary executrix, to show cause why she should not furnish bond and security, as executrix aforesaid, in a sum therein fixed and within a given delay, or, in default, be destituted as executrix.   In answer to that proceeding, Mrs. Frazier appeared in the quality of executrix, and made sundry defenses thereto, none of which involved any disclaimer of her being executrix.   The order asked was granted, and she appealed therefrom to this Court.   We affirmed the judgment, as will be seen on reference.

Mrs. Frazier failed to furnish bond, as required by the judgment,

and thereby, under its express terms, was destituted. H. McKnight was then duly appointed and confirmed as dative. executor.

He obtained a rule upon Mrs. Frazier to show cause why she should not file an account. To this rule she answers, denying that she owes any account as executrix, and averring that, as universal legatee, she had accepted the succession unconditionally and, from the date of probate of the will, had possessed all the effects of the succession as owner.

From a judgment condemning her to file an account as prayed for, she prosecutes the present appeal.

It appears too obvious to admit of serious controversy, that this Court could not, without self-stultification, listen to the present pretension of appellant, denying her responsibility as executrix up to the date of her destitution. On a proceeding against her as executrix, in a succession in which she had been duly qualified and confirmed as such, to furnish bond or be destituted, she appeared and defended as executrix, was condemned as executrix, submitted to destitution as executrix; a new executor was appointed in her stead; and now, upon this rule to account, she, in effect, says : " all these proceedings are a farce ; I ceased to be executrix years ago ; I accepted this succession unconditionally as testamentary heir from the date of the probate of the will; have held possession of all its effects, as owner, ever since ; and the succession in which you have been litigating contradictorily with me, is, in fact, no succession at all, but was closed and determined almost as soon as soon as it was opened."

Had she assumed this position at the time when the proceeding was taken against her to give bond or be destituted, the questions now raised by her might have received serious consideration ; but it is now too late.

We find no necessity of discussing nice questions of *res adjudicata* and estoppel and the proper way of pleading them. These are all consecutive proceedings in the same judicial cause, viz : the succession of John Frazier. They are directly connected with each other—the later being the sequence and logical result of the earlier proceeding. They fix irrevocably the *status* of appellant as executrix up to the date of her destitution. As such she owes an account to her successor, or to the court which appointed her, and that court did not err in ordering the same.

Judgment affirmed at appellant's cost.